**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 2:14-cv-00017-MR-DLH**

| | |
|---|---|
| **ROLAND GRADY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **O R D E R** |
| | ) |
| | ) |
| **B AND E GROCERY, INC., d/b/a** | ) |
| **Huddle House, and RFBC** | ) |
| **ENTERPRISES, LLC,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Entry of

Default Final Judgment against B and E Grocery, Inc. [Doc. 14].

The Plaintiff Roland Grady filed this action against the Defendant B

and E Grocery, Inc. (B&E) on May 15, 2014, asserting that B&E violated

certain provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181

*et seq.* (ADA). [Doc. 1]. B&E failed to plead or otherwise defend this action,

and on July 11, 2014, the Plaintiff filed a motion for an entry of default. [Doc.

8]. The Clerk made an entry of default against B&E on July 14, 2014. [Doc.

9].

On October 3, 2014, the Plaintiff filed the present motion, seeking the entry of a default judgment against B&E. [Doc. 14]. The Court scheduled a hearing on the Plaintiff's motion to be held on December 5, 2014. The Plaintiff then moved to continue this hearing for a period of sixty days, citing the need to obtain additional evidence and to supplement its default judgment motion. [Doc. 17]. The Court granted the Plaintiff's motion and continued the default judgment hearing from the calendar. [Doc. 18].

Plaintiff's counsel conducted discovery, and through B&E's discovery responses learned that another entity, RFBC Enterprises, LLC ("RFBC"), may own the property at issue in this case. Plaintiff's counsel thereafter moved the Court to defer consideration of the default judgment motion while the Plaintiff attempted to resolve the case with RFBC and B&E. [Doc. 20]. The Court granted the Plaintiff's motion in part, deferring the default judgment hearing for 45 days. [Doc. 21]. In its Order, the Court noted that any motion to amend or to correct the naming of the proper defendant should be filed within the same 45-day period. [Id. at 2]. The default judgment hearing was later scheduled to be held on March 20, 2015.

On February 26, 2015, the Plaintiff filed a motion to amend the Complaint to add RFBC as a defendant in this case. [Doc. 22]. The Court

granted the Plaintiff's motion to amend and again continued the default judgment hearing. [Doc. 24].

The Plaintiff filed his Amended Complaint on March 4, 2015, asserting claims for declaratory and injunctive relief pursuant to the ADA against both B&E and RFBC. After receiving an extension of time to answer [Doc. 31], RFBC has now filed an Answer to the Plaintiff's Amended Complaint. [Doc. 32].

With the addition of Defendant RFBC, the Court concludes that the Plaintiff's Motion for Default Judgment against B&E should be denied without prejudice as premature. It is well-established that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (3$^d$ ed. 1998). This rule is equally applicable beyond the context of joint and several liability to "situations in which several defendants have closely related defenses." Id.; see also United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 944-45 (4th Cir. 1967). Here, the Defendants named in this action are alleged to be jointly and severally liable to the Plaintiff. [See, e.g., Doc. 25 at ¶ 15 ("The Defendants have discriminated, and continues

[sic] to discriminate against Grady, by denying access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of the Restaurant . . . and by failing to remove architectural barriers at the Restaurant where such removal is readily achievable.")].  At the very least, it would appear that B&E could raise defenses which are closely related to defenses raised by RFBC, which is still actively defending this action.  For these reasons, the Court finds that the appropriate procedure for the Plaintiff to follow is to await a final ruling on the merits as to RFBC before seeking the entry of a default judgment against B&E.  See, e.g., Scottsdale Ins. Co. v. Dennis Ins. Group, Inc., No. 3:08-cv-00173-FDW, 2009 WL 81213, at *1 (W.D.N.C. Jan. 9, 2009).

Accordingly, the Plaintiff's Motion for Entry of Default Final Judgment against the Defendant B and E Grocery, Inc. [Doc. 14] is **DENIED WITHOUT PREJUDICE**.

Signed: April 28, 2015

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge